**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBEL A. AFEWERKI, *Plaintiff-Appellant*, v. ANAYA LAW GROUP; LOS ANGELES FEDERAL CREDIT UNION, *Defendants-Appellees*. | No. 15-56510 D.C. No. 2:14-cv-07132-RGK-JPR OPINION |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 7, 2017
Pasadena, California

Filed August 18, 2017

Before: Richard R. Clifton and John B. Owens, Circuit
Judges, and John Antoon II,[*] District Judge.

Opinion by Judge Clifton

---

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

# SUMMARY[**]
**Fair Debt Collection Practices Act**

The panel affirmed in part and vacated in part the district court's summary judgment in favor of the defendants in an action under the Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act.

A debt collector filed a complaint in state court to collect an unpaid credit card debt, but the complaint overstated both the debtor's principal due and the applicable interest rate. The panel held that the false statements made by the debt collector were material because they could have disadvantaged a hypothetical debtor in deciding how to respond to the complaint. The panel therefore vacated the grant of summary judgment as to the FDCPA claim.

The panel affirmed the district court's grant of summary judgment on the Rosenthal Act claim on the alternative ground that the debt collector corrected the misstatements within fifteen days of discovering the violation and thus satisfied the requirements necessary to avail itself of a defense under the Rosenthal Act.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Abbas Kazerounian (argued), Kazerouni Law Group APC, Costa Mesa, California; Robert L. Hyde, Joshua B. Swigart, and Sara F. Khosroabadi, Hyde & Swigart, San Diego, California; for Plaintiff-Appellant.

Jonathan A. Malek (argued), Anaya Law Group, Westlake Village, California, for Defendants-Appellees.

**OPINION**

CLIFTON, Circuit Judge:

The federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., prohibits debt collectors from making false statements when attempting to collect debts from consumers. 15 U.S.C. § 1692e. Not all false statements are actionable, however. To constitute a violation of the FDCPA, a false statement must be "material." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

What makes a false statement material or immaterial in the debt collection world? Material false statements, we have held, are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014). This appeal requires us to consider the materiality of modest overstatements of an amount due and an interest rate.

Here, a debt collector filed a complaint in state court to collect an unpaid credit card debt, but the complaint overstated both the debtor's principal due and the applicable interest rate.  The debtor sued the debt collector in federal court for violations of the FDCPA and of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq.  The district court granted summary judgment to the debt collector on both claims because it concluded that the errors in the complaint were not material.  We conclude, however, that the false statements made by the debt collector in this case were material because they could have disadvantaged a hypothetical debtor in deciding how to respond to the complaint.  Accordingly, we vacate the grant of summary judgment as to the FDCPA claim and remand for further proceedings.

As for the Rosenthal Act claim, we affirm the grant of summary judgment on an alternative ground.  The debt collector corrected the misstatements within fifteen days of discovering the violation and thus satisfied the requirements necessary to avail itself of a defense under the Rosenthal Act.

**I. Background**

Los Angeles Federal Credit Union ("LAFCU") was owed money by Plaintiff Robel Afewerki, a credit card customer of LAFCU who had fallen behind on payments.  LAFCU hired Anaya Law Group to collect the debt and correctly informed Anaya Law Group that the principal due was $26,916.08 and that the debt was subject to a 9.65 percent interest rate. Anaya Law Group filed a complaint on behalf of LAFCU against Afewerki on May 6, 2014, in Los Angeles County Superior Court alleging that the principal of Afewerki's debt

AFEWERKI V. ANAYA LAW GROUP                    5

was $29,916.08 ($3,000 more than he in fact owed) and that the debt was subject to an interest rate of 9.965 percent (a figure that was 0.315 percent too high). Anaya Law Group served the complaint directly on Afewerki, who was not represented by counsel at that time.

Given this circumstance, Afewerki retained a lawyer, who sent a demand for a bill of particulars to Anaya Law Group on June 6, 2014. As she later set out in a declaration, an Anaya Law Group attorney discovered the errors in the complaint for the first time on June 16, 2014, while preparing a response to the demand. She asserted that the errors were inadvertent. Two days later, on June 18, 2014, Anaya Law Group filed a notice of errata correcting the errors.

Relying on two statutes that prohibit debt collectors from making false representations in connection with efforts to collect consumer debts, Afewerki filed this lawsuit in federal court. Specifically, in his first amended complaint, Afewerki alleged a violation of the FDCPA against Anaya Law Group and a violation of the Rosenthal Act against both Anaya Law Group and LAFCU.[1] *See* 15 U.S.C. § 1692e; Cal. Civ. Code § 1788.17.

Each of the parties moved for summary judgment. The district court granted Defendants' motion for summary judgment and denied Afewerki's motion for summary judgment, concluding that the errors in the state court

---

[1] Afewerki did not sue LAFCU under the FDCPA. Under the FDCPA, a creditor collecting debts on its own behalf is not a "debt collector." 15 U.S.C. § 1692a(6); *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017).

complaint were "not material." The district court reaffirmed its decision after Afewerki filed a motion for reconsideration.

Notice of appeal was timely filed. We have jurisdiction. 28 U.S.C. § 1291.

## II. Discussion

We review de novo a grant of summary judgment. *Tourgeman*, 755 F.3d at 1118. We also review de novo a district court's interpretation of the FDCPA. *Id.* at 1119.

### A. Materiality under FDCPA and Rosenthal Act

The district court determined that Defendants were not liable under either the FDCPA or the Rosenthal Act because it concluded that the complaint's misstatements of the principal owed and interest rate were "not material." Even if Afewerki had not appeared and LAFCU had been granted default judgment in the state court case, the district court believed that LAFCU would have been required to prove the amount owed prior to entry of judgment, so the judgment ultimately entered would have been in the correct amount. In addition, the district court noted that Afewerki had not presented evidence that he would have proceeded differently had the complaint alleged the correct principal amount and interest rate. We conclude, however, that the false statements made by the debt collector in this case were material because they could have disadvantaged the least sophisticated debtor in responding to the complaint.

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.

§ 1692e.  Specifically, 15 U.S.C. § 1692e(2) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt."  The Rosenthal Act incorporates these prohibitions by reference.  Cal. Civ. Code § 1788.17 ("[E]very debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code.").  The complaint that was filed misrepresented the amount of the debt owed by Afewerki.

The text of the FDCPA does not itself establish either the least sophisticated debtor standard or the materiality requirement, nor does the statute define these terms.  The FDCPA's broad prohibition on misleading statements poses the question, "Misleading to whom?"  We answered this question in 1982, when we explained that, "[i]n evaluating the tendency of language to deceive, [we] should look not to the most sophisticated readers but to the least."  *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).  We concluded that the FDCPA does not ask the subjective question of whether an individual plaintiff was actually misled by a communication.  Rather, it asks the objective question of whether the hypothetical least sophisticated debtor would likely have been misled.  "If the least sophisticated debtor would likely be misled by a communication from a debt collector, the debt collector has violated the Act."  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) (internal quotation marks omitted).  We recognized that "the least sophisticated debtor may be uninformed, naive, and gullible."  *Tourgeman*, 755 F.3d at 1119.  To be sure, "her interpretation of a collection notice cannot be bizarre or unreasonable," *id.*, but it is still the perspective of the least sophisticated debtor that counts.

More recently, in *Donohue v. Quick Collect, Inc.*, 592 F.3d at 1033–34, we adopted the materiality requirement as a "corollary" to the least sophisticated debtor standard. We held "that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §[] 1692e." *Id.* at 1033. By asking whether false statements were material, we took the least sophisticated debtor standard that we had long applied to misleading statements and expanded it to other conduct covered by the FDCPA. In doing so, we followed the lead of the Seventh Circuit, which explained that the FDCPA "is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009). Other circuits have also adopted a materiality requirement for FDCPA claims. *See, e.g.*, *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015); *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 571 (8th Cir. 2015); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009).

In *Donohue*, a debt collector filed a complaint that listed a principal due of $270.99 and interest due of $32.89, which, the complaint indicated, was calculated at a 12 percent interest rate. 592 F.3d at 1033. In reality, the $32.89 included finance charges assessed by the creditor in addition to the 12 percent interest rate. *Id.* While the complaint's characterization of the amount was literally false, we determined that it did not matter. The total amount due was correct, and the mistake, we concluded, would "not affect a consumer's ability to make intelligent decisions." *Id.* at 1034.

We have applied this concept in subsequent cases. For example, we held that a voicemail message that failed to fulfill a statutory requirement to identify each communication as being from "a debt collector" was not a material violation when the debtor clearly knew who the debt collector was because the two had exchanged eight emails and a phone call in the two preceding weeks. *Davis v. Hollins Law*, 832 F.3d 962, 967 (9th Cir. 2016).

Nevertheless, the materiality requirement remains a fairly narrow exception to the general rule requiring accuracy in communications from debt collectors. Thus, we concluded that misidentification of a consumer's original creditor in a dunning letter was material because such a mistake could lead to "confusion and delay in trying to contact the proper party concerning payment on the loan." *Tourgeman*, 755 F.3d at 1121 (original brackets omitted). Without knowing the identity of the original creditor, we explained, a debtor might be frustrated in an attempt to discover how he incurred the debt or to obtain his payment records. *Id.*

Material false representations, then, are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Id.* Immaterial false representations, by contrast, are those that are "literally false, but meaningful only to the 'hypertechnical' reader." *Id.* To the extent that a Rosenthal Act claim is derivative of a 15 U.S.C. § 1692e claim, as is true in this case, false statements are also subject to the materiality requirement for purposes of the Rosenthal Act claim. *See Davis*, 832 F.3d at 966 n.3.

Because the materiality inquiry focuses on the objective question of how the least sophisticated debtor could have

10          AFEWERKI V. ANAYA LAW GROUP

reacted to a misstatement, the question of what Afewerki himself would actually have done differently had Anaya Law Group not misstated the amount of his debt is irrelevant in determining materiality. As we have explained:

> [A] consumer possesses a right of action even where the defendant's conduct has not caused him or her to suffer any pecuniary or emotional harm. An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* "least sophisticated debtor" likely would be misled.

*Tourgeman*, 755 F.3d at 1117–18 (citations omitted). The district court's determination that Afewerki would not have proceeded differently absent the error might mean that he did not suffer actual damages and might disqualify him from obtaining such damages, but that determination does not mean that overstating his debt by $3,000 and overstating the applicable interest rate were "mere technical falsehoods." *Id.* at 1119.

There are a number of circumstances in which the errors in the complaint filed by Anaya Law Group might have impacted the least sophisticated debtor. The Fourth Circuit recently considered a similar case, *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119 (4th Cir. 2014). In that case, a judgment for a consumer's credit card debt was assigned to a debt collector. *Id.* at 121. The debt collector filed an assignment of judgment with the court that reported a principal amount of $11,727.99 instead of the correct amount of $10,497.21. *Id.* at 122. It also stated that the

AFEWERKI V. ANAYA LAW GROUP 11

debtor had not made any payments even though she had made $2,700 in payments. *Id.* Thus, the assignment over-reported the amount the debtor owed by $3,930.78. After the debtor challenged the assignment, the debt collector filed an amended assignment of judgment to correct the errors. *Id.* The Fourth Circuit determined that the misstatement in the initial assignment was a material misrepresentation because "the least sophisticated consumer could be led to decide to pay far more than she otherwise would have paid." *Id.* at 127.

We agree and conclude that Anaya Law Group's $3,000 overstatement of the principal due in the state court complaint,[2] exacerbated by the statement of an inflated interest rate, was material. Just as in *Powell*, the fact that the debt collector corrected its mistake after the debtor challenged it does not mean that a less sophisticated debtor would have been so lucky. Unlike the debtor in *Donohue*, who was served with a complaint that was correct in stating the amount owed, the least sophisticated debtor in Afewerki's position would not have had the option to avoid the lawsuit by simply "pa[ying] the accurately stated sum to settle [the] debt." 592 F.3d at 1034; *see also id.* ("[A]pplying an incorrect *rate* of interest would lead to a real injury . . . ."). Rather, the least sophisticated debtor in Afewerki's position, concerned that he had been sued, may well have simply paid the amount demanded in the complaint and would have overpaid by approximately $3,000.

---

[2] Defendants contend that a complaint is not a communication with a debtor subject to the prohibitions of the FDCPA. We explicitly held in *Donohue*, however, that "a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §[] 1692e." 592 F.3d at 1031–32.

There are other circumstances in which the errors in the complaint Anaya Law Group filed might have impacted the least sophisticated debtor. One circumstance discussed by the district court and the parties is the possibility that the state court case could have proceeded to default judgment. Contrary to Anaya Law Group's argument, it is not certain that LAFCU would have been required to submit copies of its accounts or otherwise would have proved that the amount it sought was correct prior to entry of a default judgment. The Appellate Division of the Los Angeles County Superior Court has held that a credit card company attempting to collect a debt from a customer need not submit documentary evidence in order to obtain a clerk's default judgment for a definite sum. *HSBC Bank Nev., N.A. v. Aguilar*, 141 Cal. Rptr. 3d 206, 211 (App. Dep't Super. Ct. 2012). This decision could have guided proceedings in the Los Angeles County Superior Court had Afewerki's case proceeded to default judgment. Thus, the least sophisticated debtor in Afewerki's position might not only have been misled as to the amount owed, but could also have had a judgment for an inflated amount entered against him.

For these reasons, we conclude that the incorrect statement of the principal due in the state court complaint, which was further inflated by the incorrect interest rate, was material.[3]

---

[3] Although "[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional," *Donohue*, 592 F.3d at 1030, the statute provides for a bona fide error defense, 15 U.S.C. § 1692k(c); *see also* Cal. Civ. Code § 1788.30(e). Defendants have not attempted to invoke that defense, however.

### B. *Rosenthal Act Defense*

Although we disagree with the district court's conclusion that the misstatements were not material, which was the basis on which the district court granted summary judgment to Defendants, "[w]e may affirm on any basis supported by the record." *Fisher v. Kealoha*, 855 F.3d 1067, 1069 (9th Cir. 2017). We conclude that Defendants are entitled to the benefit of a separate defense under the Rosenthal Act, and on that basis we affirm the district court's grant of summary judgment to Defendants as to the Rosenthal Act claim.

California Civil Code § 1788.30(d) states:

> A debt collector shall have no civil liability under this title if, within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, the debt collector notifies the debtor of the violation, and makes whatever adjustments or corrections are necessary to cure the violation with respect to the debtor.

Defendants argue they are absolved of liability under the Rosenthal Act because they corrected their error in accordance with this provision and served Afewerki with notice of the correction. Defendants pleaded this defense in their answer and argued it in their motion for summary judgment before the district court.

An attorney from Anaya Law Group filed a declaration in the district court stating that the errors were inadvertent and that she discovered the errors only while reviewing the file to

14     AFEWERKI V. ANAYA LAW GROUP

respond to Afewerki's demand for a bill of particulars. The notice of errata was filed on June 18, 2014, which was within fifteen days of June 6, 2014, when the demand for a bill of particulars was served. Accordingly, Defendants satisfied the criteria to invoke the defense provided by § 1788.30(d).

Afewerki does not cite any evidence to contradict the declaration by the Anaya Law Group attorney. Instead, Afewerki argues that § 1788.30(d) was eliminated in 1999 by California Civil Code § 1788.17, which states:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall . . . be subject to the remedies in Section 1692k of[] Title 15 of the United States Code.

The California Supreme Court has not addressed the impact of § 1788.17 on § 1788.30(d), nor have the California Courts of Appeal done so in a published opinion. "When a state's highest court has not yet ruled on an issue, we must reasonably determine the result that the highest state court would reach if it were deciding the case." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).

Afewerki argues that legislative history documents suggest that, in approving § 1788.17, the California legislature intended to remove the § 1788.30(d) defense. We must start, however, with the text of the statute, and when the statutory "language is unambiguous, the plain meaning controls." *Voices of the Wetlands v. State Water Res. Control Bd.*, 257 P.3d 81, 93 (Cal. 2011). The text of § 1788.17 does not support the interpretation Afewerki urges.

AFEWERKI V. ANAYA LAW GROUP 15

Section 1788.17 makes debt collectors "subject to the remedies in Section 1692k" but says nothing about defenses. Section 1788.30(d) is a defense, not a remedy. To be sure, there are remedies included in 15 U.S.C. § 1692k that were not available under the Rosenthal Act prior to enactment of § 1788.17. For example, as Afewerki notes, § 1788.17 made class remedies available under the Rosenthal Act. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1065 (9th Cir. 2011). The 1999 amendment also permitted individuals suing under the Rosenthal Act to claim statutory damages without regard to whether a debt collector acted knowingly. *Compare* Cal. Civ. Code § 1788.30(b), *with* 15 U.S.C. § 1692k(a)(2)(A). But, again, these are remedies, not defenses.

Furthermore, as we explained in a previous decision, § 1788.17 did not delete § 1788.30, but rather nullified some of § 1788.30's limitations on remedies to the extent that those limitations did not apply to the remedies described in § 1692k. *Gonzales*, 660 F.3d at 1065. There is nothing in § 1692k that would suggest nullification of § 1788.30(d)'s defense for cured violations. Accordingly, it appears to us that the defense provided by § 1788.30(d) remains available under the Rosenthal Act. "California, of course, remains free to tell us if, in this respect, we [a]re wrong." *Evans v. Chavis*, 546 U.S. 189, 200 (2006). In the absence of such direction, however, we conclude that Defendants are not liable under the Rosenthal Act because Defendants cured the violation within fifteen days of discovering it. Cal. Civ. Code § 1788.30(d). On this basis, we affirm the district court's

grant of summary judgment to Defendants as to the Rosenthal Act claim.[4]

### III.   Conclusion

On the FDCPA claim, we vacate the district court's summary judgment in favor of Anaya Law Group. As to the Rosenthal Act claim, we affirm the district court's summary judgment in favor of Defendants. We remand for further proceedings on the FDCPA claim. Because Anaya Law Group is the only defendant sued under the FDCPA claim, LAFCU will no longer be part of the case on remand.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[4] Because we affirm on this ground, we do not consider Defendants' contention that law firms are not "debt collectors" subject to the Rosenthal Act. Additionally, Defendants seek summary affirmance on the ground that the excerpts of record Afewerki submitted were inadequate. Although the excerpts of record were deficient, *see* 9th Cir. R. 30-1.4(c)(ii), summary affirmance is not an appropriate remedy for these omissions, *see* 9th Cir. R. 30-2 (detailing the actions the court may take when the excerpts of record omit required materials).